Filed 8/24/22  In re Jacob K. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Jacob K., a Person Coming Under the Juvenile Court Law. | D080118 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM240806) |
| v. | |
| JACOB K., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Rohanee Zapanta, Judge.  Affirmed.

Elisabeth R. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following an adjudication hearing, the juvenile court found Jacob K. (the Minor) violated Penal Code section 148.9, subd. (a), a misdemeanor.  The Minor was already on probation for a previous offense at the time of the current violation.  The court terminated probation on the earlier case and

committed the Minor to Urban Camp on the present case for a period not to exceed 130 days.

The Minor filed a notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has provided a summary of the evidence produced at the adjudication hearing. We will incorporate the statement in our opinion for background information.

### A. Direct Testimony of Officer Baptiste

At the Minor's adjudication hearing on February 14, 2022, the court heard testimony from Officer Baptiste. On January 2, 2022, Officer Baptiste was working with training officer, Agent Beard, when they responded to a traffic stop being conducted by Officer Truong. This was at approximately 8:30 p.m.

Officer Truong told Officer Baptiste that he had stopped the vehicle with three occupants and found a firearm. At that point, two suspects were sitting on the curb while the officers tried to figure out their identities. One of the suspects was the Minor, who was a passenger in the vehicle.

Officer Baptiste and Officer Atkins spoke with the suspects on the curb. Officer Baptiste talked to the Minor, who "identified himself first as Christopher [L.L]." The officers tried to verify his identify through dispatch, but the law enforcement database did not return anything with that name.

The Minor was detained at the time this happened, around approximately 8:30 p.m.

Officer Baptiste searched the Minor and found "marijuana, some cash, and some rolling papers." Officer Baptiste could tell it was marijuana because he recognized it and because the Minor said it was marijuana. The substance was in a black canister with some writing on the outside.

Agent Beard spoke with the Minor's mother, who identified him as Jacob K. The officers were outside of the Minor's house, and Agent Beard spoke with the Minor's mother. The address of that house was not the address that the Minor had earlier provided to Officer Baptiste. The CAD system revealed that the officers learned the Minor's real name at 9:21 p.m.

The Minor never told Officer Baptiste his name was Jacob K.

The CAD revealed that the Minor was detained at 8:23 p.m. The CAD also revealed that the Minor gave the name Christopher L.L. at 8:39 p.m. His correct name, Jacob K., appeared in the CAD at 9:21 p.m.

### B. Cross Examination of Officer Baptiste

On cross examination, Officer Baptiste indicated that seven minutes before he arrived on the scene, officers had found a firearm in the vehicle. The Minor was a passenger in the backseat of the car. The driver had been detained and was on his way to jail when Officer Baptiste arrived on scene.

At the time he had been detained, the Minor had no weapons, and nobody suspected him of a crime—he was just merely a passenger in the vehicle that had been stopped.

The Minor had been asking to speak with his mother. Officer Baptiste never spoke with the Minor's mother himself.

Officer Baptiste searched the Minor after learning his real name and discovering there was a felony juvenile warrant out for him. Officer Baptiste

learned about the Minor's felony arrest warrant after putting the Minor's real name in the system.

Officer Baptiste found marijuana in a can with some writing on it. He did not test the substance on scene. He also did not weigh the substance on scene. Officer Baptiste said it was marijuana based upon his experience and because the Minor said it was marijuana.

Officer Baptiste agreed that about 51 minutes elapsed between when the Minor was detained and when he was identified in the system. The Minor remained detained in handcuffs the entire 51 minutes.

The Minor was transported off the scene at 10:00 p.m.

## DISCUSSION

As we have noted, appellate counsel has submitted a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a series of issues that were considered in evaluating the potential merits of this appeal:

1. Whether the court abused its discretion by terminating the earlier grant of probation.

2. Whether the court abused its discretion by denying the Minor's request to take judicial notice that his father was deceased.

3. Whether the court abused its discretion when the court allowed Agent Baptiste to testify when the People did not supply a report but did provide a body-worn camera video.

4. Whether the Minor's detention was unlawful.

5. Whether the court abused its discretion by placing the Minor in Urban Camp.

4

6.  Whether the court abused its discretion by ordering $50 in restitution.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented the Minor on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

5